**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hameed Abdulhussain,<br><br>        Plaintiff,<br><br>v.<br><br>MV Public Transportation Incorporated,<br><br>        Defendant. | No. CV-22-01458-PHX-SMB<br><br>**ORDER** |

Before the Court is Plaintiff Hameed Abdulhussain's Motion to Reconsider. (Doc. 23.) Defendant filed a Response. (Doc. 28.) After reviewing the parties' arguments and the relevant case law, the Court will deny Plaintiff's Motion for the following reasons.

**I.  BACKGROUND**

Plaintiff seeks reconsideration of this Court's Order (Doc. 22) for "dismissing his state and federal claims for failing to comply with the CBA." (Doc. 23 at 1, 4.) As part of his Motion, Plaintiff presents filings at the National Labor Relations Board "that he did not believe were needed based on the allegations made in the Amended Complaint that he in fact attempted to comply with the CBA." (*Id.* at 1–2.) Additionally, Plaintiff argues the Court erroneously accepted as fact Defendant's allegation that Plaintiff failed to comply with the CBA. (*Id.* at 2.) For these reasons, Plaintiff requests leave to amend his Complaint on these issues. (*Id.*)

**II.  LEGAL STANDARD**

Courts will grant motions to reconsider only in rare circumstances.  *Defs. of*

*Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). This is reiterated in Local Rule 7.2(g)(1), which states:

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for the denial of the motion.

*See also Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (motions for reconsideration are typically denied unless the plaintiff can show newly discovered evidence, the prior Order contained clear legal error or was manifestly unjust, or there has been an intervening change in the law). Manifest error is "error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Estrada v. Bashas' Inc.*, No. CV-02-00591-PHX-RCB, 2014 WL 1319189, at *1 (D. Ariz. Apr. 1, 2014) (cleaned up).

Motions for reconsideration "should not be used to ask a court "to rethink what the court ha[s] already thought through—rightly or wrongly." *Defs. of Wildlife*, 909 F. Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). If none of those circumstances apply, a motion to reconsider is only appropriate where the Court has "made an error not of reasoning but of apprehension," and as a result has "patently misunderstood a party." *Id.* (quoting *Above the Belt*, 99 F.R.D. at 101).

## III. DISCUSSION

Like in *Norton v. Arpaio*, here Plaintiff "fail[s] to state a standard of review for reconsideration in their motion, and more importantly, they fail to meet this high standard." No. CV-15-00087-PHX-SPL, 2019 WL 4849604, at *1 (D. Ariz. Sept. 30,

2019). First, Plaintiff's newly attached filings from the National Labor Relations Board (*see* Ex. A), are facts that could have been brought to the Court's attention earlier with reasonable diligence. *See* LRCiv 7.2(g)(1). As Defendant notes, the documents in Exhibit A are dated February 16, 2022 and December 28, 2022, and Plaintiff or Plaintiff's counsel appear to be the recipient. (Doc. 28 at 5.) This Court's Order came out April 21, 2023, and Plaintiff himself alleges he did not present them sooner because "he did not believe [they] were needed based on the allegations made in the Amended Complaint that he in fact attempted to comply with the CBA." (Doc. 23 at 1–2.)

Plaintiff made a strategic decision to not present these readily available documents, and therefore may not present them as newly presented evidence under this Motion. *See* LRCiv 7.2(g)(1); *see also Marquez v. Glendale Union High Sch. Dist.*, No. CV-16-03351-PHX-JAT, 2018 WL 6418540, at *4 (D. Ariz. Dec. 6, 2018) (denying motion to reconsider in part because plaintiff "did not present any new material facts that happened after the Court's decision, or which she could not have known of through reasonable diligence at the time of the Court's decision"); *Henry v. City of Somerton*, No. CV-18-03058-PHX-DJH, 2022 WL 1265922, at *2 (Apr. 28, 2022) (denying motion for reconsideration in part because plaintiff's arguments "could have been raised earlier . . . but were not, and so they are not appropriately considered here on reconsideration"). The Court will therefore not consider Exhibit A.

Second, Plaintiff argues the Court erroneously accepted as fact that Plaintiff failed to comply with the CBA. Plaintiff, without citation, states that the Court made a finding that Plaintiff "failed to follow the CBA provision." (Doc. 23 at 1.) That "quoted" language or finding appears nowhere in the Court's Order. (*See* Doc. 22.) Rather, the Court found that "resolving the dispute of whether the grievance procedure was properly followed is the job of an arbitrator—not the Court—because as previously discussed, Plaintiff's claims are subject to the CBA's grievance and arbitration procedures." (*Id.* at 8.) Motions to reconsider are not a mechanism to ask the Court to rethink its analysis which it already thought through, and Plaintiff cites no case law demonstrating manifest

error. *See Defs. of Wildlife*, 909 F. Supp. at 1351. As such, Plaintiff's argument is unsubstantiated.

Next, as Defendant notes, Plaintiff's Motion rehashes the same arguments previously considered by the Court. (Doc. 28 at 3–5.) Plaintiff continues to argue that he fulfilled his obligations under the CBA, but the Court has already held that this is a question for an arbitrator, not the Court. Because Plaintiff cites no case law concerning any manifest error, the Court will not reconsider these arguments as they violate LRCiv 7.2(g)(1). *See also Marquez*, 2018 WL 6418540, at *5 (denying motion for reconsideration because plaintiff "merely repeats arguments she already made—and which the Court did not find sufficient . . . in violation of LRCiv 7.2(g)(1)"). Finally, Plaintiff makes no arguments regarding the Court's finding that his state law discrimination and retaliation claims are preempted and time-barred.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** denying Plaintiff's Motion to Reconsider. (Doc. 23.)

Dated this 8th day of June, 2023.

Honorable Susan M. Brnovich
United States District Judge