**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hameed Abdulhussain, | No. CV-22-01458-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| MV Public Transportation Incorporated, | |
| Defendant. | |

Pending before the Court is Defendant's Motion for Sanctions (Doc. 37). Plaintiff filed a response (Doc. 39), and Defendant filed a reply (Doc. 40). The Court has considered the pleadings and relevant case law and will grant the Motion.

## I.    BACKGROUND

Defendant seeks disqualification of Plaintiff's counsel and sanctions for counsel's conduct surrounding Defendant's subpoena to Plaintiff's employer, Transdev North America, Inc. ("Transdev"). (Doc. 37 at 1–3.) The conduct leading to this Motion was discussed at length in the Court's Order denying the Motion to Quash. (Doc. 49.)

## II.    LEGAL STANDARD

"Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). To impose sanctions

1    under the court's inherent power, reckless conduct is not enough.  *Id.* at 993–94.  Instead,

2    the Court must specifically find "bad faith or conduct tantamount to bad faith."  *Id.* at 994.

3    While bad faith is required for sanctions under the court's inherent power to sanction,

4    recklessness suffices for the imposition of sanctions under section 1927.  *B.K.B. v. Maui*

5    *Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002).

6    **III.    DISCUSSION**

7           Defendant asks that Plaintiff's counsel be sanctioned based on several accounts of

8    wrongdoing, including directing non-party Transdev to "hold off" on responding to the

9    subpoena, denying that she did so, and making false statements to the Court and opposing

10   counsel.  (Doc. 37 at 2–3.)  Plaintiff's counsel largely ignores the most serious allegations

11   in the response and only addresses the allegation that she directed non-party Transdev to

12   "hold off" on responding to the subpoena.  (Doc. 39 at 2–3.)

13          There is no doubt that Plaintiff's counsel told her client to direct Transdev to "hold

14   off" on responding to the subpoena and did so without notifying Defendant.   When

15   Defendant's contacted Plaintiff's counsel, they accused Plaintiff of directing Transdev not

16   to respond. Plaintiff's counsel responded by saying: "[Y]our email seems like a lot of

17   accusations without fact" and "[L]et's be clear; I have not told anyone not to respond to a

18   legal subpoena."  (Doc. 36 at 40–41.)  Plaintiff's counsel says that she had no option but

19   to tell Transdev to delay responding so that she could file her Motion to Quash.  (Doc. 39

20   at 2.)  Yet in Plaintiff's Motion to Quash, there was no legal analysis to support the position

21   that it was permissible to tell a third party to "hold off" on responding to a subpoena.

22   Plaintiff's counsel asserts that she felt it was her only option to protect her client.  However,

23   "[I]t is the court's duty to rule on the validity of subpoenas and to direct the recipients to

24   comply or not comply, not the attorney's . . . ."  *Fox Indus., Inc. v. Gurovich*, No. CV03-

25   5166(TCP)(WDW), 2006 WL 2882580, at *8 (E.D.N.Y. Oct. 6, 2006).

26          Nevertheless, the Court finds that Plaintiff's actions in asking his employer to hold

27   off responding until they could file a motion to quash is not sanctionable under these facts.

28   Defendant relies on the rulings in *Fox* and *Price v. Trans Union, L.L.C.*, 847 F. Supp. 2d

788, 795 (E.D. Pa. 2012).  Those two cases are materially different.  In *Fox*, the attorney wrote the subpoena recipients a letter that instructed them that the subpoena was null and void and directed the recipient not to comply.  2006 WL 288250, at *2.  The attorney also failed to follow through with a motion to quash, thus circumventing the court.  *Id.* at *8. In *Price*, the attorney wrote letters to the subpoena recipients advising them that an objection was filed with the court, explaining what the objection was based on and then writing "[we] expect your cooperation in refraining from providing documents and information that would result in an impermissible and unnecessary invasion of privacy." 847 F. Supp 2d at 791 n.2.

While Plaintiff provides no case law to the contrary, the Court finds that Plaintiff's behavior is more akin to the behavior in *Raya v. Barka*, No. 3:19-CV-2295-WQH-AHG, 2022 WL 17905528 (S.D. Cal. Dec. 23, 2022).  In *Raya*, counsel for the party objecting to the subpoena sent letters to the subpoena recipients simply advising them that an objection was filed and asking the recipients not to produce records until the Court ruled on the motion.  *Id.* at *3.  The Court in Raya found the letters not to be sanctionable.  *Id.*  at *4. Here, the Court likewise finds that asking the subpoena recipient to hold off is not the same ask asking the recipient to not comply.  The Court will not impose sanctions for this behavior.

However, Defendant's other complaints are more concerning.  Specifically, Defendant complains that Plaintiff's counsel made false statements to the court, failed to cite authority for her positions, and made frivolous arguments.  First, Plaintiff's counsel made a false representation in her reply to the Motion to Quash when she said that Defendant's counsel failed to respond when she questioned the relevancy of the documents sought.  (Doc. 38 at 3.)  Attached to the response to the Motion to Quash was the email from Defendant's counsel explaining the relevancy of the documents.  (Doc. 36 at 36.) Plaintiff's counsel had the email before she filed the motion and reply and yet falsely asserted that she received no explanation of the relevance.  "The Arizona Rules of Professional Conduct, which apply to attorneys admitted or otherwise authorized to

practice before the United States District Court for the District of Arizona, LRCiv 83.2(e), prohibit a lawyer from knowingly making a false statement of fact to a tribunal, ER 3.3(a)(1)." *Offerpad Inc. v. Saenz*, No. CV-20-00668-PHX-DWL, 2021 WL 5634870, at *3 (D. Ariz. Dec. 1, 2021) (cleaned up).

Next, Plaintiff's counsel claimed that Plaintiff's employment file is irrelevant because "there has been no claim that [Plaintiff] has suffered financial harm with his current employer." (Doc. 34 at 3.) However, Plaintiff asserted that his "earnings were reduced after he was terminated and does not request lost wages, only damages to future earnings." (Doc. 38 at 4.) Plaintiff also claimed that he suffered $300,000 in damages to his earning potential and that he is earning less in his new employment because of the alleged defamation. (Doc. 36 at 59–60.) The requested documentation from Plaintiff's employer is directly relevant to Plaintiff's allegation that his future earnings were negatively impacted. Without knowing Plaintiff's current earnings, Defendant would be unable to properly defend against a claim of future financial harm. Put simply, Plaintiff's current wages, which go to his earning ability, are directly relevant to Plaintiff's claim and Defendant's potential defenses. Plaintiff counsel's attempt to quash a proper subpoena by arguing that there is no claim for lost wages is intentionally dishonest.

Lastly, Plaintiff's counsel also argued that Defendant did not comply with Federal Rule of Civil Procedure 45 but provides no legal support for that argument. (Doc. 34 at 1–3; Doc. 36 at 35–38.) Had she done minimal research, she would have known the notice requirements of Rule 45. Plaintiff's counsel also cited to a "Standing Order" that she claims was part of a pilot program. (Doc. 34 at 4.) The Court was unable to verify the language quoted because Plaintiff's counsel did not tell the Court where this "Standing Order" was located. However, Defendant provided a link to the Order that Plaintiff attempted to rely on—and it is from a Pilot Program from over a decade earlier. *See* FED. JUD. CTR., *Piot Project Regarding Initial Discovery Protocols for Employment Cases Alleging Adverse Actions*, Nov. 2011, https://www.fjc.gov/sites/default/files/2012/DiscEmpl.pdf (last visited Feb. 21, 2024).

Defendant also correctly notes that even if the Pilot Project cited were still in place, it would not have applied to this case.[1]  Citing to a "Standing Order" that is no longer valid constitutes bad faith, especially in light of the other legal arguments made without support.

The Court finds that sanctions are appropriate under both 28 U.S.C. § 1927 and the Court's inherent power.  The Motion to Quash was filed with no legitimate argument and Defendant's discovery was delayed by six months—which necessitated extending other deadlines.  The Court further finds that Plaintiff's counsel acted in bad faith when she made false representations to the Court to further her arguments.  Defendant asks this Court to disqualify Plaintiff's counsel from the case and/or impose monetary sanctions.  (Doc. 40 at 1–2.)  The Court declines to disqualify Plaintiff's counsel.  However, the Court will impose monetary sanctions.

## IV.    CONCLUSION

Based on the false statements to the Court and the frivolous arguments made in the Motion to Quash, the Court finds sanctions are appropriate.

**IT IS HEREBY ORDERED granting** Defendant's Motion for Sanctions (Doc. 37) and ordering Plaintiff's counsel to pay Defendant's attorney fees related to responding to the Motion to Quash and related to the Motion for Sanctions.  Defendant shall submit the required affidavit and motion no later than ten (10) days after the date of this Order.

Dated this 21st day of February, 2024.

_____
Honorable Susan M. Brnovich
United States District Judge

---

[1] The pilot project applied to cases involving discrimination, hostile work environment, FLSA violations, ADA violations, FMLA or ERISA violation.  None of those claims exist in this case.